UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHELLE FRIDAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-380 JD |
| | ) |
| MAGNIFIQUE PARFUMES AND | ) |
| COSMETICS, INC. d/b/a/ | ) |
| PERFUMANIA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This is an employment action by Michelle Friday against her former employer, Magnifique Parfumes and Cosmetics, Inc., d/b/a Perfumania. Ms. Friday alleges that she is disabled under the Americans with Disabilities Act due to a condition in her hands, and that when her supervisor became aware of that condition, he began treating her less favorably and eventually caused her employment to be terminated because of it. She further alleges that her supervisor treated her in that way because of her sex. She thus asserted claims against Perfumania under the Americans with Disabilities Act (Count 1) and Title VII of the Civil Rights Act of 1964 (Count 2). However, her complaint also asserts a claim under Indiana law for negligent hiring, training, or supervision, and vicarious liability (Count 3). This count apparently seeks to hold Perfumania liable for any misconduct by the supervisor.

After answering the complaint, Perfumania filed a motion for judgment on the pleadings as to Count 3, arguing that it fails to state a valid claim under Indiana law. A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). Therefore, the Court must take the facts alleged in the complaint as true and draw all reasonable

inferences in favor of the non-moving party. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir.2011). To survive the motion, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Brooks v. Ross*, 578 F.3d 574, 580–81 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Perfumania argues that Ms. Friday failed to plead a claim for negligent hiring, training, or supervision because she failed to allege that her supervisor committed any of the acts in question outside the scope of his employment. The Court agrees. Indiana has adopted section 317 of the Restatement (Second) of Torts as to claims for negligent hiring, training, or supervision. *Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174, 1179 (Ind. 2017); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 609 (7th Cir. 2008). Under that provision, an employer has a duty under certain circumstances to exercise reasonable care to control an employee "acting outside the scope of his employment." Restatement (Second) of Torts § 317. Thus, as the Indiana Supreme Court recently reiterated, this claim is "'applicable only when the [employee] is acting outside the scope of his employment.'" *Sedam*, 84 N.E.3d at 1179 (quoting § 317 cmt. a). Here, the complaint does not allege that the supervisor was ever acting outside the scope of his employment; to the contrary, it expressly alleges that he was acting at all times "within the full course, scope and authority" of his position. [DE 1 ¶ 87]. Thus, Ms. Friday has failed to state a claim for negligent hiring, training, or supervision.

This count also asserts a theory of vicarious liability. "Under the doctrine of respondeat superior, vicarious liability will be imposed upon an employer whose employee commits a tort while acting within the scope of employment." *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 434 (Ind. Ct. App. 2016). "By definition, respondeat superior requires that there be

an underlying tort in the first place . . . ." *Id.* Ms. Friday's complaint does not allege that her supervisor committed any underlying tort, though. Rather, her theory appears to be that, to the extent her supervisor violated her rights under applicable employment laws, Perfumania should be held liable for that conduct. The Americans with Disabilities Act and Title VII already include their own standards for holding employers liable, however, *see Vance v. Ball State Univ.*, 133 S. Ct. 2434 (2013), and state tort law does not displace those standards. Thus, this count does not state a claim on that theory, either.

In response to the motion, Ms. Friday argues that this count should not be dismissed because she has requested punitive damages, which makes it "appropriate to consider evidence of negligent hiring/training/supervision." [DE 19 p. 3]. However, this argument conflates the relevance or admissibility of evidence with the availability of a standalone cause of action. Ms. Friday has requested punitive damages in connection with her first two counts, and at the appropriate stage, she can seek to offer evidence in support of those requests. However, she need not plead evidence in her complaint in order to do so, nor does that request transform this evidence into its own claim.

Ms. Friday also cites cases that address whether a plaintiff should be permitted to proceed on a negligent supervision theory or present evidence on that topic once the defendant has admitted that the employee was acting within the scope of its employment. *E.g.*, *Levinson v. Citizens Nat'l of Evansville*, 644 N.E.2d 1264 (Ind. Ct. App. 1994); *Lange v. B&P Motor Express, Inc.*, 257 F. Supp. 319 (N.D. Ind. 1966). In most circumstances, negligent supervision and vicarious liability are alternative theories for holding an employer liable for the torts of its employees—the former applies when the employee acts outside the scope of its employment, and the latter applies when the employee acts within the scope of its employment. *See Sedam*, 84

N.E.3d at 1178; *Hansen*, 551 F.3d at 612 n.2. Thus, when an employer admits that the employee was acting within the scope of its employment, the basis for employer liability is established, so the negligent-supervision theory becomes superfluous and the evidence in support of that theory becomes irrelevant. *Sedam*, 84 N.E.3d at 1178. In limited circumstances, however, the relief under those two theories can differ, such as when a plaintiff requests punitive damages. *Levinson*, 644 N.E.2d at 1269–70. In those circumstances, courts have held than an admission that the employee was acting within the scope of its employment will not bar a plaintiff from pursuing a negligent-supervision claim or presenting evidence on that topic. *Id.*

Here, however, the question is not whether Ms. Friday is barred from pursuing a negligent-supervision claim based on Perfumania's admission that Ms. Friday's supervisor was acting within the scope of his employment. Instead, the question is only whether she has adequately pled the elements of that claim. As discussed above, she has not done so, as she does not allege that her supervisor acted outside the scope of his employment, as is required to sustain a claim for negligent hiring, training, or supervision. *Sedam*, 84 N.E.3d at 1179; *Hansen*, 551 F.3d at 612 n.2 (noting that a claim for negligent hiring, supervision, and retention requires a plaintiff to plead that the employee's actions were "outside the scope of his employment"); *Gordon v. Bank of N.Y. Mellon Corp.*, No. 4:12-cv-18, 2017 WL 662856, at *8 (N.D. Ind. Feb. 17, 2017) ("The tort of negligent hiring and supervision is inapplicable when a employee is acting within the scope of his employment.").

Therefore, the Court GRANTS the motion for judgment on the pleadings as to Count 3. [DE 16]. This action remains pending as to Counts 1 and 2.

SO ORDERED.

ENTERED: December 7, 2017

                                                /s/ JON E. DEGUILIO
Judge
United States District Court